IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ERIKA PERKINS                                                                                              PLAINTIFF

V.                                                                            CIVIL ACTION NO. 5:21-cv-55-DCB-LGI

MANAGEMENT & TRAINING CORPORATION; and JOHN DOES (1-10)          DEFENDANTS

## COMPLAINT
*(Jury Trial Requested)*

COMES NOW, the Plaintiff, Erika Perkins, by and through counsel, and files this, his Complaint against the above-named Defendants, as follows:

### I. PARTIES

1. Plaintiff, Erika Perkins ("*Perkins*"), is an adult resident citizen of Vidalia, Concordia Parish, Louisiana. At all times material herein, Perkins meets the definition of a covered "employee" under all applicable statutes.

2. Defendant, Management & Training Corporation ("*MTC*") is a Delaware corporation with its principal place of business in Utah. Defendant, MTC, operates the Wilkinson County Correctional Facility on behalf of the Mississippi Department of Corrections, which is located at 2999 U.S. Highway 61 North, Woodville, MS 39669. Defendant, MTC, may be served with process through its registered agent for process: C.T. Corporation System, 645 Lakeland East Dr., Ste. 101, Flowood, MS 39232.

3. Defendants, John Does (1-10), are individuals, entities, or agents who are yet unknown to Plaintiff who have or may have liability in the premises as alleged herein. Plaintiff requests this Court to grant leave to amend this Complaint to add these parties when and if they are identified during discovery, and have the Amended Complaint relate back to the original filing.

### II. JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343, for the violation of Plaintiff's federal substantive and civil rights.

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000, *et seq.* ("<u>Title VII</u>").  In addition, this Court has diversity subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff (Louisiana) and MTC (Delaware and Utah), and the amount in controversy exceeds the jurisdictional limit of $75,000.  This Court has supplemental jurisdiction over the state claims herein under 28 U.S.C. § 1367.

5. Venue is properly established before the Court pursuant to 28 U.S.C. § 1391 as Plaintiff's claims occurred or accrued in Woodville, Wilkinson County, Mississippi, which is in the Southern District of Mississippi, Western Division.

### III. <u>EXHAUSTION OF REMEDIES</u>

6. Plaintiff timely filed a Charge of Discrimination against MTC with the Equal Employment Opportunity Commission, and Plaintiff has received a notice of right-to-sue from the EEOC with regard to this action.  All prerequisites to the filing of this suit have been met and complied with.

### IV. <u>FACTS</u>

7. Plaintiff readopts and reasserts all allegations in Paragraphs 1 – 7 above.

8. Plaintiff (African-American female) was hired by MTC on or about July 1, 2014 as Captain at the Wilkinson County Correctional Facility, and was later promoted by MTC to the Chief of Security/Major position at the Wilkinson County Correctional Facility. Plaintiff is highly qualified for the Chief of Security/Major position at the Wilkinson County Correctional Facility based on her experience, background, accomplishments, and excellent work record.  The Warden at the Wilkinson County Correctional Facility was Scott Middlebrooks (Caucasian male), and the Deputy Warden at the Wilkinson County Correctional Facility was Craig Coil (Caucasian male).

9. On or about June 2, 2020, Deputy Warden Craig Coil told Plaintiff to meet with Warden Scott Middlebrooks.  During their meeting, Warden Scott Middlebrooks met with the Plaintiff and informed her that she was being demoted.  Plaintiff was further informed by Warden Scott Middlebrooks to think about accepting an Administrative Captain position, which is a demotion from the Chief of Security/Major position.  On or

about June 3, 2020, Plaintiff again met with Warden Scott Middlebrooks. During the meeting, Plaintiff told Warden Scott Middlebrooks that she wished to remain in her Chief of Security/Major position. However, Warden Scott Middlebrooks told Plaintiff that he did not want her to be the Chief of Security anymore, and Plaintiff was given the option between accepting the demotion to the Administrative Captain position or face harassment and/or termination from employment. Plaintiff was left with no other option but to succumb to the demotion to the Administrative Captain position. On or about June 4, 2020, Plaintiff was forced to sign a memoranda to Warden Scott Middlebrooks regarding her involuntary demotion to the Administrative Captain position at the Wilkinson County Correctional Facility, effective June 2, 2020. The demotion severely cut Plaintiff's job duties and compensation/benefits she previously had with her Chief of Security/Major position.

10. Plaintiff's performance played no role in Defendant's decision to demote her, and Plaintiff was wrongfully demoted for no other reason than her race and/or sex. Prior to her demotion, Plaintiff had never been written up or disciplined, and always performed her job duties in an effective and efficient manner. MTC has a history of terminating African-Americans and hiring Caucasians to replace African-Americans at the Wilkinson County Correctional Facility, as well as giving Caucasian workers better wages/benefits and working conditions than African-Americans.

11. Plaintiff was replaced by Matthew Schoettmer (Caucasian male) as the Chief of Security/Major position at the Wilkinson County Correctional Facility.

12. After the demotion, Plaintiff reported and opposed the discriminatory demotion to MTC management. Plaintiff's replacement as the Chief of Security/Major position, Matthew Schoettmer (Caucasian male), began to retaliate against Plaintiff and subject her to workplace harassment and a hostile working environment. On or about August 12, 2020, Matthew Schoettmer told other officers of his intent to post Plaintiff at certain locations "because I know I can get under her skin and irritate her". On or about August 20, 2020, Plaintiff had a meeting with Deputy Warden Craig Coil, the new Chief of Security, Matthew Schoettmer, and the HR Director, Kelly Pomeroy about the workplace harassment and retaliation against Plaintiff by Matthew Schoettmer. During the meeting,

[3]

Kelly Pomeroy agreed that Plaintiff was being harassed.

13. Plaintiff also filed an EEOC Charge of Discrimination on August 31, 2020, regarding the discriminatory demotion. As a result, Defendant, MTC— by and through its employees and Plaintiff's supervisors at the Wilkinson County Correctional Facility— subjected Plaintiff to further retaliatory acts, including workplace harassment, hostile working environment, and false writeups against her without any basis, all for no other reason than her EEOC charge filing and/or her engaging in protected activity.

## V. CAUSES OF ACTION

### (1) VIOLATION OF TITLE VII – RACE DISCRIMINATION

14. Plaintiff readopts and reasserts all allegations in Paragraphs 1 – 13 above.

15. Plaintiff is an African-American female employee protected under Title VII. Plaintiff is well qualified for the Chief of Security position at the Wilkinson County Correctional Facility, which is operated by MTC. Defendant, MTC, is an employer and covered entity under Title VII.

16. Defendant, MTC— by and through its agents and employees at the Wilkinson County Correctional Facility— has engaged in intentional race discrimination against Plaintiff in the terms and conditions of her employment on the basis of her African-American race, including, but not limited to, demoting Plaintiff and cutting her compensation/benefits because of her race; subjecting Plaintiff to workplace harassment and a hostile working environment on the basis of her race; denying, excluding or limiting compensation/benefits, privileges/ opportunities of employment and advancement to Plaintiff based on her race; unequal and disparate treatment of Plaintiff in the terms and conditions of her employment that adversely affected her compensation/ benefits, advancement, opportunities and status because of her race; and other discriminatory acts described herein or to be assigned. Other employees were not subjected to this discriminatory and wrongful conduct.

17. Defendant has no legitimate, non-discriminatory justification for the adverse actions against Plaintiff, and its asserted reason(s) for Defendant's discriminatory conduct are not the true reasons, but are instead pretext to hide Defendant's discriminatory animus

on the basis of race. The true motivating factor for Defendant's adverse actions against Plaintiff was Defendant's racial discrimination against Plaintiff.

18. Defendant, MTC, has violated Title VII as a result of its disparate treatment and discriminatory actions against Plaintiff on the basis of her African-American race. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer damages in the form of past and future lost wages and benefits; lost promotional and professional opportunities; lost pay/salary increases and bonuses; mental anguish and emotional distress; and other economic and non-economic damages described herein. Plaintiff is further entitled to all legal and equitable remedies available for violations of the Title VII, including an award of all attorney's fees and costs.

(2) VIOLATION OF TITLE VII – SEX DISCRIMINATION

19. Plaintiff readopts and reasserts all allegations in Paragraphs 1 – 18 above.

20. Defendant, MTC — by and through its agents and employees at the Wilkinson County Correctional Facility — has engaged in intentional sex discrimination against Plaintiff in the terms and conditions of her employment on the basis of her female sex/gender, including, but not limited to, demoting Plaintiff and cutting her compensation/benefits because of her sex; subjecting Plaintiff to workplace harassment and a hostile working environment on the basis of her sex; denying, excluding or limiting compensation/benefits, privileges/opportunities of employment and advancement to Plaintiff based on her sex; unequal and disparate treatment of Plaintiff in the terms and conditions of her employment that adversely affected her compensation/benefits, advancement, opportunities and status because of her sex; and other discriminatory acts described herein or to be assigned. Other employees were not subjected to this discriminatory and wrongful conduct.

21. Defendant has no legitimate, non-discriminatory justification for the adverse actions against Plaintiff, and its asserted reason(s) for Defendant's discriminatory conduct are not the true reasons, but are instead pretext to hide Defendant's discriminatory animus on the basis of sex/gender. The true motivating factor for Defendant's adverse actions against Plaintiff was Defendant's sex discrimination against Plaintiff.

22.     Defendant, MTC, has violated Title VII as a result of its disparate treatment and discriminatory actions against Plaintiff on the basis of her female sex/gender. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer damages in the form of past and future lost wages and benefits; lost promotional and professional opportunities; lost pay/salary increases and bonuses; mental anguish and emotional distress; and other economic and non-economic damages described herein. Plaintiff is further entitled to all legal and equitable remedies available for violations of the Title VII, including an award of all attorney's fees and costs.

(3) RETALIATION

23.     Plaintiff readopts and reasserts all allegations in Paragraphs 1 – 22 above.

24.     Plaintiff engaged in protected activity by filing/instituting a Charge of Discrimination with the EEOC on or about 8/31/20 against MTC, by exercising her federally protected rights described herein, and/or by otherwise reporting, opposing and/or complaining about wrongful conduct as described herein or to be assigned.

25.     Defendant, MTC, engaged in adverse employment actions and retaliated against Plaintiff for engaging in protected activity, including , but not limited to, subjecting Plaintiff to workplace harassment and a hostile working environment; denying, excluding or limiting compensation/benefits, privileges/opportunities of employment and advancement to Plaintiff; unequal and disparate treatment of Plaintiff in the terms and conditions of her employment that adversely affected her compensation/benefits, advancement, opportunities and status; and other retaliatory acts described herein or to be assigned. The adverse employment actions have materially and adversely changed Plaintiff's overall terms and conditions of employment. Other employees were not subjected to this retaliatory and wrongful conduct.

26.     A reasonable employee would find Defendant's retaliatory acts materially adverse and such acts would dissuade a reasonable person from making or supporting a Charge of Discrimination, and/or from exercising federally protected rights.

27.     Defendant's retaliatory acts against Plaintiff were a direct, proximate, and pretextual result of, and/or was motivated by, Plaintiff's protected activities.

28.     Defendant, MTC has no legitimate, non-retaliatory justification for the adverse actions against Plaintiff, and the asserted reason(s) for Defendant's conduct are not the true reasons, but are instead pretext to hide Defendant's retaliatory animus.

29.     As a result of its unlawful retaliation and wrongful acts against Plaintiff, the Defendant, MTC, has violated and deprived Plaintiff of her federal rights protected under Title VII and under the First Amendment to the U.S. Constitution, as authorized by Title VII and 42 U.S.C. § 1983.  As a proximate result of Defendant, MTC's unlawful conduct, Plaintiff has sustained economic and non-economic damages as described herein, and is entitled to all legal and equitable remedies available for violations of the Federal law described herein.

### (4) NEGLIGENCE

30.     Plaintiff readopts and reasserts all allegations in Paragraphs 1 – 29 above.

31.     At all times material hereto, Defendant, MTC had a duty to exercise reasonable and ordinary care in providing non-discriminatory and non-retaliatory employment practices; to take reasonable steps to inquire about and determine the fitness of its employees; to reasonably ensure that its personnel were hired, trained, supervised, controlled and retained in a prudent manner; to maintain a safe and professional workplace; and to comply with Federal statutes.  Defendant, MTC, breached its duties owed to Plaintiff by failing to provide non-discriminatory and/or non-retaliatory employment practices; failing to monitor and determine the fitness of its employees; negligently hiring, training, supervising, controlling and/or retaining its personnel; failing to maintain a safe and professional workplace; failing to comply with Federal statutory rights; and others to be determined at trial.

32.     The above actions constitute negligence and were each a proximate cause of the course of wrongful conduct engaged in, ratified by, known by and/or agreed to by Defendant.  This negligence proximately caused Plaintiff's damages described herein.

### (5) INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

33.     Plaintiff readopts and reasserts all allegations in Paragraphs 1 – 32 above.

34.     Defendant, MTC, engaged in, directed, and/or ratified a course of outrageous

conduct towards Plaintiff, with the intention to cause or with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

35. In addition or the alternative, Defendant, MTC, knew or reasonably should have known that the wrongful actions at issue would and did proximately result in physical and emotional distress to Plaintiff. Defendant, MTC, had a duty to stop engaging in/ratifying and/or prevent the actions herein, but negligently failed to do so in breach of that duty.

36. As a proximate result of this wrongful conduct, whether intentional or negligent, Plaintiff has suffered and continues to suffer emotional anguish, mental distress, humiliation, embarrassment and other emotional and physical damages, and seeks a judgment for all actual damages proximately caused by this conduct.

## VI.  INJURIES / DAMAGES

37. Plaintiff readopts and reasserts all allegations in Paragraphs 1 – 36 above.

38. Plaintiff is entitled to an award of attorney's fees and costs, pursuant to Title VII and other applicable Federal statutory law.

39. As a direct and proximate result of the foregoing unlawful and wrongful conduct of Defendant, Plaintiff suffered, and is entitled to recover from the Defendant, the following damages:

(a) Past and future lost wages and benefits, including back pay, front pay, fringe benefits and other economic damages;

(b) Past and future lost promotion, lost wage and benefit increases, lost bonuses, and lost career and professional advancement;

(c) Mental anguish and emotional distress, past and future;

(d) Loss of enjoyment of life, loss of society, harm to reputation, loss of career fulfillment, pain and suffering, humiliation and embarrassment;

(e) Actual and compensatory damages;

(f) Incidental and consequential damages;

(g) Interest damages as allowed by law;

(h) Attorney's fees and costs; and

(i) Other damages to be established.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Erika Perkins, respectfully moves this Honorable Court for a trial by jury and to enter judgment in favor of Plaintiff over and against Defendants, Management & Training Corporation , and John Does (1-10), in an amount as may be determined by the jury to fully compensate Plaintiff for all actual damages for the wrongful acts and/or omissions of Defendants, plus pre- and post-judgment interest, attorney fees and all costs incurred in filing and prosecuting the subject action, and for such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED, this the 3rd day of June , 2021.

ERIKA PERKINS – *Plaintiff*

*by:* /s/ *Ken R. Adcock*
Ken R. Adcock (MSB #1150)
William C. Ivison (MSB #104213)

*of counsel:* Ken R. Adcock (MSB #1150)
William C. Ivison (MSB #104213)
ADCOCK & MORRISON, PLLC
795 Woodlands Parkway, Ste. 220 (39157)
Post Office Box 3308
Ridgeland, Mississippi 39158
601-898-9887 *Office* | 601-898-9860 *Fax*
kadcock@adcockandmorrison.com
wivison@adcockandmorrison.com