IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| ERIKA PERKINS | PLAINTIFF |
| VS. | CIVIL ACTION NO. 5:21-cv-55-DCB-LGI |
| MANAGEMENT & TRAINING CORPORATION AND JOHN DOES (1-10) | DEFENDANTS |

## ANSWER AND DEFENSES OF MANAGEMENT & TRAINING CORPORATION

COMES NOW Management & Training Corporation ("MTC"), defendant herein, by and through counsel, and submits its Answers and Defenses to the plaintiff's Complaint, as follows:

### FIRST DEFENSE

The plaintiff's Complaint fails to state a claim against MTC upon which relief may be granted, and the Complaint must be dismissed with prejudice.

### SECOND DEFENSE

MTC pleads and affirmatively avails itself of any and all good faith defenses available to it under Rules 12(b)(1) through 12(b)(7) of the Federal Rules of Civil Procedure.

### THIRD DEFENSE

### ANSWER

AND NOW, without waiving its right to be heard on the above and foregoing Defenses, MTC responds to the allegations of Complaint, paragraph by paragraph, as follows:

### I. PARTIES

1. MTC is without sufficient information to admit or deny the allegations contained in the first sentence of Paragraph 1 and, therefore, denies those allegations. The second sentence of Paragraph 1 calls for a legal conclusion to which no response is required.

2. Admitted.

3. The allegations contained in Paragraph 3 are not directed at MTC, and no response is required. MTC denies all liability.

## II. JURISDICTION AND VENUE

4. The allegations contained in Paragraph 4 call for a legal conclusion to which no response is required.

5. The allegations contained in Paragraph 5 call for a legal conclusion to which no response is required.

## III. EXHAUSTION OF REMEDIES

6. MTC admits only that the plaintiff filed a Charge of Discrimination against MTC on August 31, 2020, and that the EEOC issued a Notice of Right to Sue on March 9, 2021. All remaining allegations are denied.

## IV. FACTS

7. MTC reasserts and realleges each of its prior responses, as if set forth again herein in full.

8. MTC admits that the plaintiff is an African-American female, that she began working as a Captain to work at the Wilkinson County Correctional Facility ("WCCF") for MTC on July 1, 2013, that she was promoted to the position of Unit Manager and then to the position of Chief of Security on April 3, 2019, and that at the time the plaintiff was promoted to the position of Chief of Security, the Warden at WCCF was Scott Middlebrooks, a Caucasian male, and the Deputy Warden at WCCF was Craig Coil, a Caucasian male. All remaining allegations are denied.

9. MTC admits only that Warden Middlebrooks met with the plaintiff on June 1, 2020, during which time he advised the plaintiff that she was not performing her duties in a satisfactory

manner, that he wanted her to step down from her position as Chief of Security, that he wanted to retain her as an employee, and that he offered the plaintiff the position of Captain, which she accepted. All remaining allegations are denied.

10. Denied.

11. MTC admits only that Matthew Schoettmer, a Caucasian male, held the position of Chief of Security after the plaintiff. All remaining allegations are denied.

12. MTC admits only that the plaintiff, Deputy Warden Coil, Chief of Security Schoettmer, and Human Resources Manager Kelly Pomeroy met in August 2020 and that the plaintiff made unfounded complaints. All remaining allegations are denied.

13. MTC admits only that the plaintiff filed a Charge of Discrimination on August 31, 2020. The Charge of Discrimination speaks for itself. All remaining allegations are denied.

## IV. CAUSES OF ACTION

### (1) VIOLATION OF TITLE VII – RACE DISCRIMIATION

14. MTC reasserts and realleges each of its prior responses, as if set forth again herein in full.

15. MTC admits only that the plaintiff is an African-American female. MTC denies that the plaintiff is "well qualified for the Chief of Security position" at WCCF. Paragraph 15 contains numerous allegations which call for a legal conclusion, and no response is required from MTC to those allegations. All remaining allegations are denied.

16. Denied.

17. Denied.

18. Denied.

## (2) VIOLATION OF TITLE VII – SEX DISCRIMINATION

19. MTC reasserts and realleges each of its prior responses, as if set forth again herein in full.

20. Denied.

21. Denied.

22. Denied.

## (3) RETALIATION

23. MTC reasserts and realleges each of its prior responses, as if set forth again herein in full.

24. The allegations contained in Paragraph 24 call for a legal conclusion to which no response is required.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## (4) NEGLIGENCE

30. MTC reasserts and realleges each of its prior responses, as if set forth again herein in full.

31. The allegations contained in the first sentence of Paragraph 31 call for a legal conclusion to which no response is required. MTC denies the allegations contained in the second sentence of Paragraph 31. All remaining allegations are denied.

32. Denied.

**(5) INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

33. MTC reasserts and realleges each of its prior responses, as if set forth again herein in full.

34. Denied.

35. Denied

36. Denied.

### VI. INJURIES/DAMAGES

37. MTC reasserts and realleges each of its prior responses, as if set forth again herein in full.

38. Denied.

39. MTC denies the allegations contained in Paragraph 39 and sub-parts (a) – (i) thereof.

IN RESPONSE to the unnumbered Paragraph that begins with the phrase "WHEREFORE, PREMISES CONSIDERED," MTC denies that the plaintiff is entitled to any relief against MTC.

AND NOW, having responded to the Complaint, paragraph by paragraph, and having denied all liability, MTC asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

MTC had legitimate, nondiscriminatory reasons for all of its employment decisions involving the plaintiff. All actions taken against the plaintiff by MTC were non-discriminatory, non-retaliatory, and made in accordance with all applicable federal and state law

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's protected status played no role in MTC's employment decisions. Even if the plaintiff's protected status was a motivating factor in MTC's employment decisions, MTC would have made the same decisions absent her protected status, which bars the plaintiff's claims.

## THIRD AFFIRMATIVE DEFENSE

Some or all of the plaintiff's claims may be barred by her failure to exhaust her administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims, damages, and remedies are limited by applicable federal law. MTC specifically pleads all applicable damages caps and limitations.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff's damages, if any, may be limited by her failure to mitigate. Additionally and/or alternatively, any interim earnings of the plaintiff are a set off to any attempt to secure a back pay award or other damages.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff's state tort law claims are barred by the exclusive remedy provision of Mississippi's worker's compensation laws.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of the plaintiff's claims may be barred by the applicable statutes of limitation and/or the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

MTC reserves the right to rely upon after-acquired evidence of misconduct to mitigate the plaintiff's damages, if any.

## NINTH AFFIRMATIVE DEFENSE

MTC denies the plaintiff suffered any emotional, psychological, and/or physical injuries as a result of MTC's actions. MTC is also not responsible for the plaintiff's pre-existing emotional, psychological and/or physical conditions.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff's alleged emotional, psychological, and/or physical injuries are barred by the exclusivity provision of Mississippi's worker's compensation laws.

WHEREFORE, PREMISES CONSIDERED, MTC respectfully submits that the plaintiff's claims are wholly without merit and should be dismissed with prejudice.

DATED: June 22, 2021.

.

Respectfully submitted,

MANAGEMENT & TRAINING CORPORATION


BY: /s/Timothy M. Peeples
OF COUNSEL


TIMOTHY M. PEEPLES - BAR NO. 100103
tpeeples@danielcoker.com
MARCIA STOKES JOHNSON - MS BAR NO. 105326
mjohnson@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
265 NORTH LAMAR BLVD., SUITE R
OXFORD, MISSISSIPPI 38655
(662) 232-8979 TELEPHONE
(662) 232-8940 FACSIMILE

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of June, 2021, I electronically filed the above foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Ken R. Adcock, Esq.
William C. Ivison, Esq.
Adcock & Morrison, PLLC
795 Woodlands Parkway, Ste. 220
Post Office Box 3308
Ridgeland, MS 39158

                                              /s/Timothy M. Peeples
                                              TIMOTHY M. PEEPLES