IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ERIKA PERKINS                                                                PLAINTIFF

V.                         CIVIL ACTION NO. 5:21-CV-00055-DCB-LGI

MANAGEMENT & TRAINING CORPORATION               DEFENDANT

**ORDER**

BEFORE THE COURT is Defendant Management & Training Corporation's ("Defendant") Motion for Summary Judgment ("Motion"). [ECF No. 30]. The Court having examined the Motion, the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

I.     Procedural and Factual Background

In April 2019, Wilkinson County Correctional Facility ("WCCF") Warden Scott Middlebrooks promoted Plaintiff Erika Perkins ("Plaintiff") to the position of Chief of Security. [ECF No. 31] at 2. Perkins holds a college degree and has over a decade of correctional supervisory experience. [ECF No. 36] at 12. Although Plaintiff initially showed aptitude for the new role, her performance declined the following winter. [ECF No. 31] at 4-5. Plaintiff failed to attend at least one prison "closeout" staff meeting, was non-responsive on email, and did

1

not comply with directives to submit reports to Middlebrooks, among other instances of poor work performance. Id. at 4-6; [ECF No. 36] at 2.

In February 2020, Plaintiff emailed Middlebrooks requesting that he transfer employees to her department, which was suffering staffing shortages. [ECF No. 36] at 3. She identified "dozens" of current MTC employees who she thought could help improve the department. Id. On February 22, Middlebrooks requested via email that Plaintiff provide him "a daily report on units that do not receive their tier time and showers" because of staff and inmate issues. [ECF No. 31] at 7. Plaintiff never responded to this email or its March 2020 follow-up, though she did meet with Middlebrooks in person to discuss. [ECF No. 36] at 4.

On June 2, 2020, Middlebrooks demoted Plaintiff for these failings,[1] as noted in the Notice of Caution issued by Middlebrooks, and moved her back to her previous position of captain. [ECF No. 31] at 7-8. Plaintiff attributed her demotion

---

[1] Middlebrooks specifically identified 14 reasons for Plaintiff's demotion: (1) absence from staff meetings and non-responsive to emails; (2) food port opening/closing, and food port security/locking; (3) inmate feeding procedures with food carts; (4) inmate showering procedures; (5) inmate long-term segregation/restraint; (6) inmate strip searches; (7) inmate counts; and (9) 30-minute security check rounds by officers of inmates. Ex. A, pp. 44-46, 67, 70, 174. MTC's Memorandum Brief expanded this list to include: (10) communication issue, i.e. a "very poor communicator"; (11) tier and shower time reporting of housing units; (12) ambulatory restraints; (13) 15-minute checks of inmates in restraints; and (14) cell searches. [ECF No. 36] at 15.

to her being a black woman. Id. at 8. Plaintiff then filed an EEOC complaint, after which Defendant filed a Notice of Complaint, which threatened possible termination for future violations of workplace policies. Id.; [ECF No. 36] at 31-32. Plaintiff alleges that this threatening, post-demotion Notice of Complaint was impermissible retaliation. [ECF No. 36] at 1-2. She also claims that she was harassed when the new Chief of Security, Matthew Schoettmer, asked her to assist him with some paperwork on one occasion and that another time he assigned her to the post of standing at a window in the dining hall, which was typically an officer post. [ECF No. 31] at 8-9.

On June 3, 2021, Plaintiff filed suit against Defendant alleging Title VII race and sex discrimination, retaliation, negligence, and intentional and negligent infliction of emotional distress. [ECF No. 1] at 4-7. On September 20, 2022, Defendant filed the instant Motion to dismiss these claims. [ECF No. 30].

II.  Standard

Summary judgment is appropriate, pursuant to Rule 56 of the Federal Rules of Civil Procedure, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of material fact is genuine if a reasonable

jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A party cannot defeat a properly supported summary judgment motion by directing the Court to conclusory allegations or presenting only a scintilla of evidence. Lincoln v. Scott, 887 F.3d 190, 195 (5th Cir. 2018).

The evidence must be reviewed in a light most favorable to the nonmoving party. Vann v. City of Southaven, Miss., 884 F.3d 307, 309 (5th Cir. 2018); Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P., 627 F.3d 134, 138 (5th Cir. 2010). The Court neither assesses credibility nor weighs evidence at the summary-judgment stage. Wells v. Minnesota Life Ins. Co., 885 F.3d 885, 889 (5th Cir. 2018). Summary judgment must be rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

III. Analysis

   a. Title VII Claims

Title VII of the Civil Rights Act of 1964 proscribes race- and gender-based discrimination in adverse employment actions. 42 U.S.C.A. § 2000e-2. ("It shall be unlawful…for an

4

employer…[to] otherwise adversely affect [one's] status as an employee, because of such individual's…race [or] sex.")

Absent direct evidence of discriminatory intent by an employer, courts apply the familiar McDonnell Douglas method of analysis. See Tatum v. Southern Co. Servs., 930 F.3d 709, 713 (5th Cir. 2019). Under this framework, once an employee establishes a prima facie case of interference or retaliation, the employer bears the burden of articulating a legitimate, nondiscriminatory reason for the adverse employment action. Id. If the employer does so, the burden then shifts back to the employee to show by a preponderance of the evidence that the employer's reason is a pretext for discrimination. Id.

A prima facie case for Title VII discrimination "requires a showing that the plaintiff (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group." McCoy v. City of Shreveport, 492 F.3d 551, 556 (5th Cir. 2007).

Plaintiff demonstrates a prime facie case in that: (1) she is an African American female; (2) who met the "minimal qualifications for the position" via her university degree and

5

experience, as noted in the MTC Position Description[2]; (3) who was "demot[ed]"; (4) and who was replaced by someone outside her protected group, a white male. Anderson v. Mississippi Baptist Med. Ctr., No. 3:10CV469-TSL-MTP, 2011 WL 3652210, at *2 n. 2 (S.D. Miss. Aug. 18, 2011); Pegram v. Honeywell, Inc., 361 F.3d 272, 282 (5th Cir. 2004).

The burden now shifts to the Defendant who must articulate a legitimate, nondiscriminatory reason for demoting Plaintiff. Tatum, 930 F.3d at 713. Defendant cites Plaintiff's poor work performance, as described supra, as the reason for the demotion. [ECF No. 31] at 13.

Plaintiff's record of poor work performance, noncommunication, and absentness serve as legitimate, nondiscriminatory reasons for demotion. Brooks v. Lubbock Cnty. Hosp. Dist., 373 F. App'x 434, 437 (5th Cir. 2010)(Holding that district court correctly found a legitimate reason for termination based on employee's "worsening job performance" that included a failure to respond to emails.) See also Rockett v. Esper, No. 3:20-CV-1502-C-BK, 2022 WL 774036, at *3 (N.D. Tex. Feb. 15, 2022), report and recommendation adopted, No. 3:20-CV-

---

[2] Bachelor's degree in correctional management, criminal justice, public/business administration, education counseling or other related field and four (4) years correctional experience, two (2) of which must be in a supervisory capacity required. Directly related experience may be considered in lieu of formal education requirements if approved by management. [ECF No. 36] at 12.

6

1502-C-BK, 2022 WL 768630 (N.D. Tex. Mar. 14, 2022)(Finding defendant employer's burden met by a showing of "insubordinate communication, failing to respond to emails…")

The burden then shifts to Plaintiff to demonstrate pretext via "[e]vidence that the proffered reason is unworthy of credence [that] must be enough to support a reasonable inference that the proffered reason is false; a mere shadow of doubt is insufficient. . . An employee's subjective belief of discrimination alone is not sufficient to warrant judicial relief." Bauer v. Albermarle Corp., 169 F. 3d 962, 967 (5th Cir. 1999). The plaintiff bears the ultimate burden of persuading the trier of fact by a preponderance of the evidence that the employer intentionally discriminated against her because of her protected status. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511-12 (1993).

Even replacement by someone outside the protected category is insufficient to establish pretext. See, e.g., Crawford v. Formosa Plastics Corp., La., 234 F.3d 899, 902-03 (5th Cir. 2000).

Proving pretext in this case becomes even more difficult considering the anti-animus presumption found in the "same actor doctrine." The "same actor doctrine" reasons that "[f]rom the standpoint of the putative discriminator, [i]t hardly makes

7

sense to hire workers from a group one dislikes (thereby incurring the psychological costs of associating with them), only to fire them once they are on the job." Brown v. CSC Logic, Inc., 82 F.3d 651, 658 (5th Cir.1996). Simply put, "the anti-animus presumption…arises when the decisions to hire and fire an employee are made by the same person." O'Brien v. Lucas Assocs. Pers., Inc., 127 F. App'x 702, 707 (5th Cir. 2005).

To support a showing of pretext, Plaintiff cites (1) a lack of contemporaneous written documentation of performance issues and corresponding departure from policies; (2) after-the-fact documentation to justify demotion; and (3) falsity and unworthiness of credence. [ECF No. 36] at 22-29.

Plaintiff asserts that there is no pre-demotion written documentation of "the majority of" the fourteen specific work performance issues on which Middlebrooks based Plaintiff's demotion. [ECF No. 36] at 15. Still, Middlebrooks's February 22, 2020, (pre-demotion) email depicts his apprehensions of Plaintiff's competency to do her job. [ECF No. 30-5].

The fact that not every apprehension was written does not dispel the possibility that all of the issues were raised verbally by Middlebrooks prior to demotion. [ECF No.40] at 5. Nevertheless, the relative lack of pre-demotion warnings and

citations create a fact issue that is better suited for jury determination.

Plaintiff's arguments regarding after-the-fact documentation and the alleged falseness and unworthiness of credence of such documentation also create genuine fact issues that welcome insight from a jury. Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc., 482 F.3d 408, 411 (5th Cir. 2007). The fact that Defendant and Middlebrooks noted Plaintiff's work failures after her demotion is not fully conclusive of pretext, especially considering the same actor doctrine, but does preclude the Court from concluding that there is no evidence to support pretext. Brown, 82 F.3d at 658.

Courts "may" and "could" discern pretext from similar allegations, taken as true, in factually divergent scenarios. Stennett v. Tupelo Public School Dist., 619 F. App'x 310, 317 (5th Cir. 2015); Richardson v. Monitronics Int'l, Inc., 434 F.3d 327, 336 (5th Cir. 2005). Although the Court does not conclude that the general absence of pre-demotion reprimands demonstrates pretext, Plaintiff's allegations create genuine issues of material fact as to pretext that pretermit summary judgment of the Title VII discrimination claim. The Court, therefore, will deny summary judgment as to this claim.

    b. Retaliation Claim

"A plaintiff establishes a prima facie case for unlawful retaliation by proving (1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." Long v. Eastfield Coll., 88 F.3d 300, 304 (5th Cir. 1996).

Plaintiff filing an EEOC complaint regarding a Title VII claim qualifies as "participat[ing] in any manner in an investigation, proceeding, or hearing" under Title VII. Id. (quoting 42 U.S.C. § 2000e-3(a)). Defendant's filing a Notice of Complaint against Plaintiff served as an adverse employment action, because it is an "act which well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Abbt v. City of Houston, 28 F.4th 601, 610 (5th Cir. 2022)(cleaned up). Still, whether the Notice of Complaint that Defendant filed against Plaintiff was causally linked to Plaintiff's filing an EEOC complaint is a fact issue, which pretermits summary judgment as to this claim. Therefore, summary judgment should be denied as to the retaliation.

    c. State Law Claims (Negligence and Intentional & Negligent Infliction of Emotional Distress)

The Mississippi's Workers' Compensation Act serves as the exclusive remedy for workplace injuries, including negligence

10

and negligent infliction of emotional distress. Medders v. U.S. Fid. & Guar. Co., 623 So.2d 979, 984 (Miss. 1993); Davis v. River Reg. Hlth. Sys., 903 F.Supp.2d 424, 431 (S.D. Miss. 2012). Plaintiff's negligence and negligent infliction of emotional distress claims therefore warrant dismissal. Furthermore, Plaintiff's intentional infliction of emotional distress claim fails to plead the necessary "wanton and willful" acts that "evoke outrage or revulsion" to support such a claim, and instead appear rooted in a theory of negligence, which also warrants dismissal under the Workers' Compensation Act. Collins v. City of Newton, 240 So.3d 1211, 1220 (Miss. 2018); Peaster v. David New Drilling Co., Inc., 642 So.2d 344, 345 (Miss. 1994) (finding allegations raised in Complaint amounted to negligence, thus leading to approval of the dismissal of those claims under "the exclusive remedy provisions of the Workers' Compensation Act"). The state law claims warrant dismissal.

IV.  Conclusion

For the foregoing reasons, the Defendant's Motion [ECF No. 30] shall be granted in part as to the state law claims and denied in part as to the Title VII and the retaliation claims.

ACCORDINGLY,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment [ECF No. 30] is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this 1st day of December, 2022.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE
