IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

ERIKA PERKINS                                                    PLAINTIFF

V.                          CIVIL ACTION NO. 5:21-CV-00055-DCB-LGI

MANAGEMENT & TRAINING CORPORATION                                DEFENDANT

<u>ORDER</u>

BEFORE THE COURT is Defendant Management & Training Corporation's ("Defendant") Motion for Reconsideration ("Motion") pursuant to Federal Rule of Civil Procedure 59[e] (sic) and 60(b) of the Court's Order [ECF No. 41] granting in part and denying in part Defendant's Motion for Summary Judgment. [ECF No. 43]. The Court having examined the Motion, the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

Rule 60 provides that a court may act to relieve a party from a final judgment, order, or proceeding. However, Defendant filed this Motion less than 28 days after the Court entered its order, so the Court will construe it solely under Rule 59(e).[1]

---

[1] "A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)," depending on "when the motion was

Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir.1989)(internal quotations omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)(citations omitted).

Defendant asserts that the Court misapprehended the relevant timeline in denying its Motion for Summary Judgment as to Plaintiff Perkins's ("Plaintiff") retaliation claim. [ECF No. 43]. The asserted misapprehension is that the Court stated that a fact issue existed as to whether Defendant issued Plaintiff a Notice of Caution in retaliation for Plaintiff submitting an EEOC complaint following her demotion. Id.; [ECF No. 41] at 3.

The correct timeline is as follows:

1. June 2, 2020: Defendant demoted Plaintiff

2. June 30, 2020: Plaintiff filed a workplace grievance

3. July 21, 2020: Defendant issued Plaintiff a Notice of Caution

---

filed." Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 n.2 (5th Cir. 2012). Such a motion is construed as one under Rule 59(e) if filed within 28 days of the judgment being challenged and as one under Rule 60(b) if filed more than 28 days after the challenged judgment. Id.

In re Franklin, 832 F. App'x 340, 341 (5th Cir. 2020).

4. August 31, 2020: Plaintiff filed a Charge of
   Discrimination with the EEOC.

[ECF No. 44] at 1; [ECF No. 47] at 1-2.

Given that Plaintiff filed her EEOC complaint after the
Defendant issued its Notice of Caution, that chronology cannot
form a case of retaliation. Plaintiff, however, asserts that her
filing the initial workplace grievance prior to Defendant
issuing its Notice of Caution serves as impermissible
retaliation that would preclude dismissal of that claim and
require denial of Defendant's instant Motion. [ECF No. 36] at
31-32; [ECF No. 47] at 3-4.

Plaintiff's workplace grievance cited her belief that
Defendant "wrongfully demoted" her, considering that in 7 years,
she had "never received a write up for not completing [her job]
in an effective manner," nor had she "been disciplined for not
doing [her] job." [ECF No. 35-6] at 4-5. However, this workplace
grievance does not itself constitute "protected activity" within
the meaning of Title VII, as this complaint lacked a racial or
gender basis. 42 U.S.C. § 2000e-3(a). The Fifth Circuit has
consistently held "that a vague complaint, without any reference
to an unlawful employment practice under Title VII, does not
constitute protected activity." Davis v. Dallas Indep. Sch.
Dist., 448 F. App'x 485, 493 (5th Cir. 2011).

See, e.g., Tratree v. BP N. Am. Pipelines, Inc., 277
Fed.Appx. 390, 395 (5th Cir.2008) ("Complaining about unfair
treatment without specifying why the treatment is unfair ... is
not protected activity."); Harris–Childs v. Medco Health
Solutions, Inc., 169 Fed.Appx. 913, 916 (5th Cir.2006)
(affirming summary judgment on retaliation claim where plaintiff
never "specifically complained of racial or sexual harassment,
only harassment"); Moore v. United Parcel Serv., Inc., 150
Fed.Appx. 315, 319 (5th Cir.2005) ("Moore ... was not engaged in
a protected activity, as his grievance did not oppose or protest
racial discrimination or any other unlawful employment practice
under Title VII."); see also Evans v. Tex. Dep't of Transp., 547
F.Supp.2d 626, 654 (E.D.Tex.2007) ("Plaintiff has not shown that
she engaged in a statutorily protected activity. Specifically,
although Evans complained of a purportedly hostile work
environment, at no time did she suggest that [the conduct at
issue] was related to Evan's race, sex, ... or other
characteristic protected by Title VII.").

In this case, Plaintiff's workplace grievance did not
specifically or generally charge racial or gender-based animus
in Defendant's acts, and as such, does not constitute protected
activity under Title VII. [ECF No. 35-6] at 4-5; Davis, 448 F.
App'x at 493. Accordingly, Plaintiff has failed to put forth
evidence to demonstrate a genuine issue of material fact as to

her retaliation claim. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Therefore, summary judgment of Plaintiff's retaliation claim is appropriate. Id. Defendant has sufficiently met its burden to warrant an amended judgment under Rule 59(e) as to Plaintiff's retaliation claim. Waltman, 875 F.2d at 473.

The Order [ECF No. 44] is amended to dismiss Plaintiff's retaliation claim with that Order's reasoning substituted by the reasons found herein. The Order will otherwise remain unchanged and in full force and effect in all respects. Plaintiff's final claim, Title VII discrimination, moves on past this summary judgment stage, considering the fact issues regarding pretext cited by the Court in its order [ECF No.41] and Defendant's refusal to challenge the Court's denial of summary judgment as to that claim.

For the foregoing reasons, the Defendant's Motion [ECF No. 43] shall be GRANTED.

ACCORDINGLY,

IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration [ECF No. 43] is GRANTED.

SO ORDERED, this 11th day of January, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE