IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

ERIKA PERKINS                                                                 PLAINTIFF

V.                          CIVIL ACTION NO. 5:21-CV-00055-DCB-LGI

MANAGEMENT & TRAINING CORPORATION                                     DEFENDANT

ORDER

BEFORE THE COURT is Defendant Management & Training Corporation's ("Defendant") Motion in Limine ("Motion"). [ECF No. 45]. The Court having examined the Motion, the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

Motions in limine are made prior to trial

> for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

O'Rear v. Fruehauf Corp., 554 F.2d 1304, 1306 n. 1 (5th Cir.1977) (citation omitted). Motions in limine should not be used "to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial,"

but which are best addressed in the context of a motion in limine due to the complex or potentially prejudicial nature of those issues. Maggette v. BL Dev. Corp., Nos. 2:07-cv-181-M-A, 2:07-cv-182-M-A, 2011 WL 2134578, *4 (N.D.Miss. May 27, 2011).

Defendant, in its Motion, requests that the Court exclude any reference to or testimony about: (1) Defendant's former employee, Dale Schoettmer, "swinging and showing off" a noose to an African-American employee, Jarrell Mize, while at work; (2) information that bears directly on Plaintiff's retaliation claim, should the Court dismiss it; and (3) information relating to Matthew Schoettmer's resignation in September 2022 after engaging in inappropriate sexual misconduct with another employee of Defendant. [ECF No. 45] at 1-3; [ECF No. 48] at 3.

a. Dale Schoettmer

Dale Schoettmer is the father of Matthew Schoettmer, the employee who ultimately replaced Plaintiff Erika Perkins ("Plaintiff") upon her demotion. [ECF No. 45] at 1. Dale Schoettmer, who was hired by Defendant in August 2020, resigned after being accused of "swinging and showing off" a noose while at work. [ECF No. 48] at 3. Dale brandished this noose in the presence of another employee, though not in the presence of Plaintiff; Dale held no role in employment decisions and did not serve as Plaintiff's supervisor. [ECF No. 45] at 1-2. Defendant

2

requests that the Court exclude any reference to or testimony about this incident. [ECF No. 45] at 1-2.

Plaintiff alleges that Dale's conduct is relevant to her claim for racial discrimination, including a pattern of disparate treatment. [ECF No. 48] at 3-4. Disparate impact claims "focus on facially neutral employment practices that create such statistical disparities disadvantaging members of a protected group that they are functionally equivalent to intentional discrimination." Munoz v. Orr, 200 F.3d 291, 299 (5th Cir. 2000). To prevail in a disparate impact lawsuit, a plaintiff "must identify specific practices as being responsible for any observed disparities . . . and must conduct a systemic analysis of those employment practices." Id.

"[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

This single incident carries marginal relevance. Additionally, its admission may confuse the jury. United States v. Allibhai, 939 F.2d 244, 250 (5th Cir.1991). However, more context is needed to discern its admissibility at trial. As such, the Court will reserve judgment on this request and will

3

hear the evidence outside the presence of the jury and make a decision at the outset of trial. Accordingly, the Court will deny without prejudice Defendant's Motion as to this request.

b. Retaliation

Here, Defendant has requested the exclusion of information that bears directly on Plaintiff's retaliation claim, should the Court dismiss it as requested in Defendant's Motion for Reconsideration [ECF No. 43]. The Court granted Defendant's Motion for Reconsideration and subsequently dismissed Plaintiff's retaliation claim. [ECF No. 55].

Evidence is relevant if it is both probative and "is of consequence in determining the action." FED. R. EVID. 401. Having now dismissed Plaintiff's retaliation claim, information that is solely of consequence to that claim is no longer relevant. However, there may be a considerable overlap in evidence that was relevant to Plaintiff's retaliation claim and evidence that is relevant to Plaintiff's remaining Title VII discrimination claim. Plaintiff argues that excluding this evidence would impermissibly exclude evidence critical to her race and gender discrimination claim, "particularly with pretext and discriminatory animus." [ECF No. 48] at 4-5.

Accordingly, the Court will defer ruling on the admissibility of this evidence until trial so that it may be

4

considered in context. Doing so will afford the Court an opportunity to properly evaluate the relevancy and potential prejudice of the evidence. See, e.g., Rivera v. Salazar, No. C.A. C-04-552, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008). Accordingly, the Court will deny without prejudice Defendant's Motion as to this request.

    c. Matthew Schoettmer

Defendant replaced Plaintiff as chief of security with Matthew Schoettmer after Plaintiff's June 2020 demotion. [ECF No. 45] at 3. In September 2022, Matthew Schoettmer was forced to resign after engaging in inappropriate sexual misconduct with another of Defendant's employees. Id. Defendant requests that the Court exclude any reference to or testimony about this Matthew Schoettmer's resignation or its reason. Id. at 1-2.

This resignation, two years after Plaintiff's demotion, carries limited relevance in areas such as witness credibility and impeachment. However, its belated occurrence attenuates the probative value of its admission. As such, more context at trial is needed to adequately rule on this request, so that the Court can properly evaluate the relevancy and potential prejudice of the evidence. Rivera, 2008 WL 2966006 at *1. Therefore, the Court will defer its ruling until trial. Accordingly, the Court

will deny without prejudice Defendant's Motion as to this request.

For the foregoing reasons, the Defendant's Motion [ECF No. 45] shall be DENIED without prejudice.

ACCORDINGLY,

IT IS HEREBY ORDERED that Defendant's Motion <u>in Limine</u> [ECF No. 45] is DENIED without prejudice.

SO ORDERED, this 11th day of January, 2023.

<u>/s/ David Bramlette</u>  
DAVID C. BRAMLETTE III  
UNITED STATES DISTRICT JUDGE